# SUPREME COURT.

JOHN B. ROE agt. SILAS ELMENDORF, GEORGE BROWER and
GARRETT NEWKIRK, Commissioners of the town of Hurley,
Ulster county.

*Highways — duty of commissioners — their liability for damages for injury
from bridge built across highway by railroad company.*

It is the duty of commissioners of highways of towns to keep in repair
the highways of the town, and as they and the inhabitants of the
town are empowered to raise the necessary means for such purpose, in
an ordinary case of a highway out of repair, and injuries resulting
therefrom, the town through its commissioners should be held respon-
sible.

A *railroad company* organized under the general statute of this state is
required in *crossing a highway* to restore the highway thus crossed to its
former state, or to such state as not necessarily to impair its usefulness.

And where it becomes necessary for such company to dig a *trench* across a
highway for the construction of its railway, which is *bridged* to keep up
the highway, the railroad company are bound to *continue such bridge in
repair* as long as the highway exists, and the corporation is allowed to
enjoy the lawful exercise of its franchise.   The duty in such case must
be an *ever continuing one.*

The remedy against commissioners of highways of a town depends upon
their neglect of duty, and where the law had permitted a railroad com-
pany to excavate the highway, so that it needed to be bridged, and had
also imposed upon such corporation the duty of keeping such bridge in
repair, the neglect of which duty by the company, and not neglect by
the commissioners, caused the injury, *held,* that the commissioners
were not responsible.   In such case the liability of the town ceases.

*Held, also,* that the act of 1855, entitled " an act to enlarge the powers
and duties of commissioners of highways " (*chap. 255 of Laws of* 1855),
which enables the commissioners to sue and recover such damages as
the town is compelled to pay by reason of the non-performance of duty
of a railroad company, does not alter or increase their responsibility, so
as to render them liable for damages, where they were not so liable, pre-
vious to the passage of this act.

*It seems*, however, that where commissioners of highways have been, as in this case, exceedingly remiss in the discharge of their official duties, there is a remedy against them by trial and punishment by indictment.

*Ulster Circuit, October Term*, 1876.

*Before justice* T. R. WESTBROOK.

*D. M. Dewitt*, for plaintiff.

*A. Schoonmaker, Jr., & F. L. Westbrook*, for defendants.

AT the close of the testimony in this cause, which was an action to recover the value of a pair of horses killed whilst hauling a load of stone over a bridge upon a public highway in the town of Hurley, which bridge had been erected ,by a railroad company across a trench dug by them through such highway for a railroad crossing, and which bridge broke down by the weight of the team and load, the defendants' counsel moved for a nonsuit, the argument of which was concluded at the hour of adjournment on October 10, 1876. The facts upon which such motion depended, and the grounds thereof, sufficiently appear in the oral opinion pronounced.

At the opening of the court on the morning of October 11, 1876, WESTBROOK, J., said : I have given to the questions which were so ably discussed yesterday all the examination which the intervening time has enabled me to do. I will state the conclusions reached, which, it may not be improper also to say, are in accordance with views formed by examination whilst at the bar.

As it is the duty of commissioners of highways of towns to keep in repair the highways of the town, and as they and the inhabitants of the town are empowered to raise the necessary means for that purpose, I never could see any good reason why the town, through its commissioners, should not be responsible for injuries caused by any public road being out of repair. Every argument which reached and con-

trolled the case of *Hyatt* agt. *The Trustees of the Village of Rondout* (44 *Barbour*, 385, *affirmed* 41 *N. Y.*, 619), it seems to me, is applicable to the case of commissioners of highways. The trustees of the village of Rondout were simply commissioners of highways with reference to the streets, and the privileges which it (the village, the corporation) received from the state were not so largely in advance of those conferred upon a town as to hold the former liable for injuries caused by the want of repairs to a highway, while the latter was not. The town, as a village, holds out inducements to the public to use its roads, and the obligation to furnish such as are safe is as strong in the one case as in the other. Were this, then, the ordinary case of a highway out of repair and injuries resulting therefrom, I should hold the defendants, as the representatives of the town, liable. This I also understand to be the spirit of the most recent cases (*See, among others, Hover* agt. *Barkhoof*, 44 *N. Y.*, 113).

But this cause presents another question. The injuries of which the plaintiff complains were caused by the act of another corporation, the R. & O. R. R. Co., which, acting under authority of law, disturbed the bed of the highway, digging and cutting across it a deep trench, and then bridging the trench. It is exceedingly doubtful whether the legislature could impose upon a town the burden of restoring the road to its original condition. So to hold is almost equivalent to permit me to do an act injurious to a highway, and then compel another, at his own cost, to repair it. It is scarcely worth while, however, to discuss this question. Such a duty has not been devolved upon the town. The law requires the corporation which it has allowed to disturb the bed of the road to restore it as near as possible to its original condition. This requirement is not fulfilled by supplying a *temporary* track where a permanent one before existed, and then allowing it to go to pieces, but only by keeping it up so that it can be continually used. I am not prepared to say that when a road bed has been taken up by a railroad company, and the

earth and stone restored to their old position, that there remains any further obligation to be discharged by the corporation, but I do say that when a trench has been dug across a highway for the construction of a railway, which is bridged to keep up the highway, that restoration, in the railway act, must mean a continual repair of such bridge, for the way is not restored to its old state so long as a dangerous place, caused by the railroad company, exists upon it. The duty in every such case must be an ever continuing one, and hence I fully agree with the reasoning of judge MILLER, in *People* agt. *Troy & Boston R. R. Co.* (37 *Howard*, 427). As the remedy against the commissioners of highways of a town depends upon their neglect of duty, and as 'in this case the law had permitted a railroad company to excavate the road so that it needed to be bridged, and had also imposed upon such corporation the duty of keeping it in repair, the neglect of which duty by the company, and not neglect by the defendants, caused the injury, it follows that the defendants are not responsible in this action, unless some other statute has made them so. This conclusion is sustained by cases determined in Massachusetts. In that state, by statute, the towns are liable for injuries sustained by a highway being out of repair. When, however, it is made the duty of a railway company to make such repairs, it has been held that the liability of the town ceases (*Inhabitants of Cambridge* agt. *Branch R. R. Co.*, 7 *Metcalf*, 70; *Sawyer* agt. *Inhabitants of Northfield*, 7 *Cushing*, 490; see pages 496, 497, 498).

It is claimed, however, that the act of 1855, entitled "An act to enlarge the powers and duties of commissioners of highways" (*chapter* 255 *of Laws of* 1855), has created a new liability on the part of the commissioners. First. Because it is made by such act the duty of the commissioners of highways to prosecute a company which fails to fulfill its obligations to the public in respect to the highway it disturbs, and compel the performance thereof, which duty being unperformed in this case, the defendants are liable. Second. That

Roe agt. Elmendorf.

the same act gives the commissioners of highways a remedy against the corporation for all damages it is compelled to pay by reason of a road being out of repair, and that is a recognition of the liability of the town for such damages as this plaintiff has sustained. A word upon each: Assume that an action will lie against a public officer for a mere neglect of duty (a very questionable proposition at least), what damages can be recovered? They certainly can be no other than those which the law can say directly followed and flowed from the neglect. If it was the duty of the defendants to have repaired the defective bridge which caused the accident complained of, we could say that such neglect caused the injury; but if it was not their duty to make the repairs, and all that they could do was to put in operation the legal machinery to compel others so to do, how can it be said that the failure to take such legal proceedings caused the accident, or that taking them would have prevented it? The result of a full and entire performance of duty by the defendants is unknown. It might, owing to no fault of theirs, have entirely failed; or, if successful in the end, and pursued with all the rapidity of which legal machinery is capable, it might not have accomplished any result in time to arrest the accident. There is, then, no such connection between this alleged neglect of duty, in the failure to prosecute, and the accident, as to enable either the court or jury to declare that such neglect caused it, or that full performance would have prevented it.

It is true that the act of 1855, as claimed by plaintiff's counsel, enables the commissioners to sue and recover such damages as the town is compelled to pay by reason of the non-performance of duty by the railroad company, but it allows only such. The act may have been passed upon the assumption that a town might be liable to the party injured in a case like this, but it has not, in express terms, created any such liability. We have already, as we think, shown that no such liability exists; and ability to recover all damages a ·

Roe agt. Elmendorf.

town is *compelled* to pay does not enable it to recover those which it is *not* compelled to pay, nor does it create any new liability. The very title of the act, "An act to enlarge the powers and duties of commissioners of highways," forbids the thought that the commissioners are liable when they were not before. Their duties and powers are enlarged, but they are not made responsible for want of action in a case when the damages sustained are not necessarily attributable to such omission.

I see nothing in the act of 1855 which aids the case of this plaintiff. On the other hand, I do see in it a legislative recognition of the principle I have sought to maintain, and that is, that upon the railroad company was devolved the duty of erecting and maintaining the bridge crossing the trench which it had excavated; and that the duty of the defendants was not to erect or repair, but compel the corporation so to do, and as such neglect cannot be said to have caused the damages complained of, it follows that this action cannot be maintained.

Having, for the reasons stated, held that this action cannot be maintained, it still is proper to say that the defendants have been very remiss in the discharge of their official duty. Here was a bridge continually in use and dangerous, and yet, so far as this case shows, there was an entire neglect, by the defendants, to examine it. They contented themselves with notifying the railroad company to repair, and never inspected the bridge after the repairs were made. If I could see a necessary connection between this want of a proper discharge of duty and the accident, which I cannot, for the reasons previously given, I should not hesitate to hold them liable in this action. This, however, I cannot do; but I am equally clear that the facts of this case, as they now appear, would justify their trial and punishment by indictment.

Motion for nonsuit granted.